1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            SOUTHERN DISTRICT OF CALIFORNIA
10

11 JAVIER M. PEREZ,                        )    Civil No. 09cv1001-L(NLS)
                                           )
12              Plaintiff,                 )    **ORDER GRANTING MOTION TO**
                                           )    **DISMISS WITH LEAVE TO AMEND**
13 v.                                      )
                                           )
14 SAXON MORTGAGE SERVICES, INC.,          )
   *et al.*,                               )
15                                         )
                Defendants.                )
16 _____    )

17        Plaintiff, proceeding *pro se*, filed a complaint seeking to set aside a foreclosure sale.

18 Defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America Corp.

19 ("Bank of America") removed this action from state court based on federal question jurisdiction.

20 Defendant Saxon Mortgage Services, Inc. ("Saxon") filed a motion to dismiss Plaintiff's

21 amended complaint, which was filed in state court on April 20, 2009 (*see* Request for Judicial

22 Notice Ex. E).  Countrywide and Bank of America joined the motion.  Plaintiff did not file an

23 opposition.  For the reasons which follow, the motion is **GRANTED WITH LEAVE TO**

24 **AMEND**.

25        Plaintiff alleges that on December 13, 2006 he applied for and received a mortgage

26 secured by his property located at 7590 Saranac Avenue in La Mesa, California ("Property").

27 (Am. Compl. at 2.)  A Deed of Trust dated December 13, 2006 was recorded showing that

28 Plaintiff borrowed $416,000 from IndyMac Bank, FSB, ("IndyMac") secured by the Property.

(Request for Judicial Notice Ex. ("Saxon Ex.") A.)[1]  On December 1, 2008 Plaintiff contacted Saxon, Countrywide, Bank of America and IndyMac in an attempt to save his house from foreclosure; however, they "did not do anything to help."  (Am. Compl. at 2-3.).  On December 11, 2008 a notice of default was recorded.  (Saxon Ex. B.)  On April 1, 2009 the Property was foreclosed.  (*Id.* Ex. E.)  Plaintiff alleges that the foreclosure sale was invalid and should be set aside based on a slew of vaguely alleged claims, including claims under federal criminal statutes, civil rights violations, securities laws, fraud, extortion and other claims, some of which are listed (Am. Compl. at 32-33) and others, which are scattered throughout the 39-page complaint.

Saxon moves to dismiss all causes of action for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

/ / / / /

---

[1]      A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

1  Plaintiff claims Defendants violated a number of federal criminal statutes.  For example,
2  plaintiff tries to bring a claims under 18 U.S.C. Sections 241 (Conspiracy against rights), 242
3  (Deprivation of rights under color of law), and 1001 (Fraud and False Statements).  An
4  individual may not bring criminal charges against someone by filing a complaint in this court.
5  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  It is well settled that a private
6  citizen may not use the courts as a means of forcing a criminal prosecution.  *United States v.*
7  *Nixon*, 418 U.S. 683, 694 (1974).  The conduct of criminal prosecution is an executive function
8  within the exclusive prerogative of the Attorney General.  *See United States v. Batchelder*, 442
9  U.S. 114, 124 (1979).  Accordingly, Plaintiff cannot state a claim against defendants for
10  violations of criminal statutes.  Because the complaint cannot be amended to allege criminal
11  charges, they are dismissed with prejudice.
12  Plaintiff also claims that Defendants violated various civil rights statutes, including 42
13  U.S.C. Sections 1981, 1983 and 1985.  Plaintiff does not state a claim for a section 1983
14  violation.  "To establish a violation of 42 U.S.C. § 1983, [a plaintiff] must prove that [the
15  defendant]:  (1) acted under color of state law, and (2) deprived [the plaintiff] of [his or her]
16  constitutional rights."  *Dawson v. City of Seattle*, 435 F.3d 1054, 1061 (9th Cir. 2006).  Plaintiff
17  has not named any defendants who are state actors.  State action may be established with respect
18  to a private party defendant where there is a significant state involvement in the defendant's
19  allegedly unconstitutional action against the plaintiff.  *Johnson v. Knowles*, 113 F.3d 1114, 1118
20  (9th Cir. 1997).  Plaintiff does not allege sufficient facts in support of this claim to meet the
21  notice pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure.  Although Rule 8
22  does not require that the complaint include all facts necessary to carry the plaintiff's burden, it
23  must allege plausible grounds to infer the existence of a claim for relief.  *Al-Kidd v. Ashcroft*,
24  580 F.3d 949, 977 (9th Cir. 2009).  The amended complaint falls short of this standard because
25  Plaintiff does not allege any facts in support of the legal conclusion that Defendants acted under
26  color of state law.
27  To state a claim under section 1981, a plaintiff must identify an impaired "contractual
28  relation," either by showing that racial discrimination blocked the creation of a contractual

3

09cv1001

relationship, or impaired an existing contractual relationship. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Plaintiff does not allege any of the elements of this claim.

To state a claim for conspiracy to deprive a plaintiff of equal rights under the law under section 1985, "a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Plaintiff's complaint fails to make any factual allegations that would support a section 1985 claim, *e.g.,* that he is a member of a protected class and that his equal protection rights were violated.

Throughout the amended complaint Plaintiff references numerous other claims, including promissory estoppel (Am. Compl. at 3), fraud (*id. passim*), trespass (*id.* at 5), slavery (*id.* at 8), violation of the Fair Debt Collection Practices Act (*id.* at 9), accounting irregularities (*id. passim*), forgery (*id.* at 20), collection attempts under color of law (*id.* at 32), conspiracy to commit extortion (*id.*), securities fraud (*id.*), conversion (*id.*) and other suggestions, allusions and insinuations. Plaintiff's allegations are largely unintelligible and so prolix that defendants do not have notice of the claims asserted against them. Plaintiff does little more than offer a wide array of disconnected, legal-sounding concepts untethered to specific factual allegations.

Under Rule 8(a), Plaintiff is required to set forth a short and plain statement of the claim showing entitlement to relief. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must include sufficient factual allegations to raise a right to relief above speculative level and provide plausible grounds to infer the existence of a claim for relief. *Twombly*, 550 U.S. at 555; *Al-Kidd*, 580 F.3d at 977.

09cv1001

When the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8, dismissal is proper.  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" (emphasis added)).

Moreover, to the extent Plaintiff claims that any Defendants committed fraud, the heightened pleading requirements of Rule 9(b) apply.[2]  To comply with Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  In this regard, a plaintiff must plead facts such as the time, place and nature of the alleged fraudulent activities.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Generally, Rule 9(b) also requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants.  *Id.*  Plaintiff has not alleged any specific facts regarding each Defendant's role in the fraud and what constituted the alleged fraud.

Based on the foregoing, Plaintiff's complaint is insufficient to allege any cause of action.  Saxon's motion to dismiss is **GRANTED**.  Plaintiff did not request leave to amend if the motion to dismiss is granted.  Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend.  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Rule 15 advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment.  *Id.* at 1052.  Because amendment of the claims asserted under federal criminal law would be

---

[2]    If Plaintiff intends to state a claim for securities fraud under federal law, he may also have to comply with the pleading requirements of the Private Securities Litigation Reform Act of 1995.

1  futile, they are **DISMISSED WITH PREJUDICE**.  The remaining claims are **DISMISSED**
2  **WITH LEAVE TO AMEND**.

3       If Plaintiff chooses to amend pursuant to this order, his second amended complaint must
4  be complete in itself without reference to the superseded pleading.  *See* Civil Local Rule 15.1.
5  Defendants not named and claims not re-alleged in the amended complaint may be considered
6  waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore, Plaintiff must set
7  forth each cause of action under a separate heading identifying the cause of action and the
8  Defendants against which it is asserted, followed by allegations of fact in support of the cause of
9  action as required by Federal Rules of Civil Procedure 8 and 9.

10      Accordingly, it is hereby **ORDERED** as follows:

11      1.  Defendant Saxon Mortgage Services, Inc.'s motion to dismiss Plaintiff's amended
12  complaint is **GRANTED WITH LEAVE TO AMEND** as provided herein.

13      2.  If Plaintiff chooses to file an amended complaint, he must file and serve it no later than
14  **April 12, 2010**.  Defendants shall file and serve any response to the amended complaint within
15  the time set in Rule 15(a)(3).

16      **IT IS SO ORDERED**.

17

18  DATED:  March 22, 2010

19
20  M. James Lorenz
    United States District Court Judge

21

22

23

24

25

26

27

28

6                                                                      09cv1001